OPINION OF THE COURT — nv the
Hon. J. R. NICHOLSON.
This is a bill to foreclose a mortgage given by defendant to complainant’s intestate, to secure the payment of five thousand dollars. The bill has the usual charges and allegations for a foreclosure. The answer of defendant admits the execution of the mortgage, but insists upon offsetting a part of said mortgage by the equity of another transaction. He says that about the time of executing said mortgage, he was hard pressed by *452 sundry executions, amounting to $7000; that a tract of land and eight an?.* groes were levied on by virtue of said executions, and that B. Farrar, complainant’s intestate, agreed to become the purchaser of said real and personal estate, sold for the benefit of defendant; that said Farrar entered into this agreement on account of the friendship and esteem which he held for the said defendant; that said Farrar agreed that he would not sell the land for less than eight thousand dollars in cash — and that for the eight slaves, levied as aforesaid, he would allow defendant ‡120 per annum clear of all expenses for each of said slaves, and restore the said slaves to defendant, when the debt due by the said mortgage, and the debt then about to be contracted, should be paid, &c. He further alledges that Farrar did become the purchaser, and that the property was sold at a great sacrifice, under the idea that Farrar was purchasing it for the benefit of the defendant, and prays for an account to be taken, &e. We are inclined to think that however an equity in a different transaction may be set off against a mortgage, yet, that in this case, the evidence does not support the allegations of the answer. However friendly and benevolent Farrar might have been towards Stark, a Court of Equity cannot decree a specific perform, anee of an agreement where there is no consideration or mutuality upon which that agreement is made. Farrar’s agent, who bid off the property, knows of no such agreement, but says that the purchase was like any other purchase at sheriff’s sale, and so far from a sacrifice of defendant’s property, that Farrar determined to make it bring its value. The testimony of Conner is to the same effect, that Farrar said he would purchase in the property, to prevent its being a sacrifice — and even Carter Beverly, who seems from his own statements, to have been the repository of Far-rar’s feelings and sympathies towards Stark, shows no consideration. He says, in answer to the 2d interrogatory, that Farrar uniformly told him, Beverly, that he bought the property óf Stark for the purpose of securing the claim which he had against Stark; and in the answer to the 3d interrogatory, he says that Farrar said that he and Stark were mutual friends, and his object was to secure what he could for Stark; and throughout the whole of this lengthy deposition, the result of so many confidential communications, there is nothing like a consideration or reciprocity on which these benevolent intentions were based. Admitting, therefore, the testi- *453 Muy of Beverly in extenso, it amounts only to conversations in which Stark was not present, or cognizant of, after the sale of the property, and not a particle of evidence to shew that Stark ever even assented to the propositions. It was assumed in argument, that had the deceased lived, there would have been no necessity for a suit; that Farrar would, without doubt, have continued to extend his friendship towards Stark; this is not denied. But can a court of equity, after the decease of an individual, carry his benevolent intentions into effect, so far as to decree a specific performance, when those intentions were only produced from the generous feelings of the heart, without any consideration on which to base them? We think not. — A decree of foreclosure must therefore be made. The cross bill and amended cross bill having been abandoned in the argument, at is not necessary farther 10 notice them than to say they are dismissed.
J. T. McMurranfor complainant;
D. S. & K,. J. Walker for defendant.
Judges Turner and Cage concurring;
Child and Black dissenting.